# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

BRIAN K. CABAN,

    Plaintiff,

v.                                                         Case No. 5:21-cv-557-MMH-PRL

TREASURY DEPARTMENT,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff Brian K. Caban, who is proceeding pro se, initiated the instant action on November 12, 2021, by filing a Complaint (Doc. 1) against Defendant, identified only as "Treasury Department." Upon review, the Court finds that the Complaint violates Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)). In addition, because of Plaintiff's failure to comply with these Rules, the Court is unable to determine whether it has subject matter jurisdiction over this action. As such, the Complaint is due to be stricken.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren

v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir.

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

In addition, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, Plaintiff fails to utilize separate numbered paragraphs to present his allegations and fails to set forth his claim or claims in separate counts. Indeed, as drafted, it is difficult to discern the legal basis for Plaintiff's claim or claims and will be impossible for Defendant to frame a responsive pleading.

Moreover, Plaintiff's Complaint does not contain any allegations related to this Court's subject matter jurisdiction. And because the Court is unable to discern the basis for Plaintiff's claim, the Court cannot independently determine whether there is any basis for exercising subject matter jurisdiction over this action. In light of the foregoing, the Court will provide Plaintiff with the opportunity to replead his claims. In doing so, Plaintiff must include sufficient allegations for the Court to conclude it has subject matter jurisdiction over this action.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **December 15, 2021**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15, Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers, this 30th day of November, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties